### EDWARD G. LORING, Jr. *vs.* WILLIAM F. OAKEY.

A resident of New York died, leaving real estate situated in this Commonwealth, and two instruments of different dates, each purporting to be her last will and testament. The same person was named as executor in both, and presented both for probate to the surrogate's court in New York, where the one of earlier date was allowed and the other disallowed. He thereupon presented the earlier one for probate in this Commonwealth, and, upon petition by a party interested, the judge of probate ordered the executor to produce the other instrument also, which was executed in England, that it might be determined here which was valid by the laws of this Commonwealth. Meanwhile that party filed a petition in the surrogate's court in New York for leave to withdraw from the files the instrument there disallowed, and the executor indorsed thereon his assent; but the surrogate refused to grant the prayer thereof. *Held*, on appeal from the order of the judge of probate, that the same should be reversed.

PETITION originally presented to the judge of probate, representing that Annie S. Newton of the city of New York died on the 1st of August 1863, leaving real and personal estate in Boston; that on or about the 2d of October 1861, being then temporarily in London, in Great Britain, she duly executed her last will, wherein she devised and bequeathed said estate to the petitioner; that said will at the time of her decease was, and still is, in the possession of the respondent, of the city of New York, but now commorant of Boston, who was appointed sole executor thereof and presented the same for probate in the city of New York in 1864, when the same was disallowed because the testatrix did not, as the statutes of New York require, declare the same to be her last will in the presence of the attesting witnesses thereof; and that the respondent has retained the said will ever since the death of the testatrix, and refused to offer the same for probate here. The petition prayed that the respondent might be required to produce and prove said will.

The respondent appeared and answered that he had not the custody of the document called the will of Miss Newton, but that the same had been duly presented by him for probate in the surrogate's court for the county of New York, and after due notice had been decreed to be not properly executed and attested in the manner prescribed by law for the execution and attestation of last wills, and to be null and void as and for her

last will; and that the same remained on the records and files of said surrogate's court.

The judge of probate passed a decree, reciting the said proceedings in the surrogate's court, and also that the respondent had presented to him a petition praying for probate here of a certain other document, duly proved and allowed by said surrogate's court as the last will of said testatrix, of which also the respondent was named executor; and ordering the respondent to produce the document disallowed by the surrogate's court as her last will, to the end that it might be made to appear to the court here which of these documents, by the laws of this Commonwealth, was her last will. The respondent appealed from this decree.

It was agreed in the probate court that, during the pendency of this petition, the petitioner presented to the surrogate's court in New York his petition for leave to withdraw from the files of that court the original document there disallowed as the will of the testatrix, and that the respondent indorsed his assent thereon, but that the prayer of said petition was refused; and it was further agreed that copies of both papers purporting to be her wills should be put in evidence.

It also appeared, in this court, that the document which was disallowed in said surrogate's court was executed in London, and was dated October 2, 1861; and that the will which was allowed was dated October 4, 1860; and records of the proceedings in said surrogate's court were also used in evidence.

The case was reported by *Foster*, J., for the determination of the full court.

*E. Merwin*, for the petitioner.

*S. Bartlett & F. Bartlett*, for the respondent.

FOSTER, J. The question directly before the court is, whether the decree of the judge of probate shall be affirmed or reversed, by which he ordered Mr. Oakey, the appellant, to produce a paper purporting to be the last will and testament of the testatrix, which was by him presented as such to the surrogate's court in the county of New York, where was the domicil of the testatrix at her decease, and which was there disallowed and probate

thereof refused. An earlier will was by the surrogate admitted to probate, and Mr. Oakey, who is named executor in both wills, has offered to the probate court of this county a copy of the record of the probate of the earlier will, praying that said copy may be ordered to be filed and recorded here as the last will of the deceased.

The decree of the probate court requires him to produce the will disallowed in New York, and to take all proper means to enable the probate court to determine which of the two instruments is the last will of the testatrix under the laws of Massachusetts. The authority for this decree cannot be found in the Gen. Sts. *c*. 92, § 16, by which every person having the custody of a will is required " within thirty days after notice of the death of the testator " to " deliver it into the probate court which has jurisdiction of the case, or to the executors named in the will." Mr. Oakey, as executor under both wills, delivered them to the court of appropriate jurisdiction in New York, the state in which he and the testatrix were both domiciled at her decease. Nor can the decree be maintained under § 17, authorizing proceedings against " any one suspected of retaining, concealing, or conspiring with others to retain or conceal " a will. The appellant has been guilty of neither of these acts. He has given the petitioner a written consent that the disallowed will may be withdrawn from the files of the surrogate's court in New York. We fail to perceive any sin of omission or commission in his conduct. And we know of no statute provision or rule of probate practice by which the courts of Massachusetts can require him under a penalty to take any further active proceedings to bring the paper to this state, and submit it to probate jurisdiction here.

But we are asked to determine the question which of the two testamentary instruments ought under our laws to be established as the will of the testatrix in Massachusetts. This in the present posture of the case we cannot consent to do. The parties interested in setting up the paper of later date should obtain it; or, if they cannot procure the original, should offer an authenticated copy. And we have no doubt that the inability to produce the original, caused by its detention in a foreign court, would

make secondary evidence of its contents admissible, as much as if the paper were lost. They should prove its execution, and such facts as to the place where and the laws of the country in which it was executed as they rely upon to entitle it to be admitted to probate in this Commonwealth. Then, and not before, the question will arise which of the two instruments is under our laws the one to be established here. There is much difficulty in determining whether the will sustained and probated in the domicil of the testatrix can be here set aside in favor of one of later date already disallowed there; and whether the later will, if admissible to probate here for any purpose, should be allowed to operate upon real estate in Massachusetts only, or also upon personalty in this jurisdiction.

It will be time enough to interpret the statute provisions on this subject, and to investigate the principles of law in the light of which their construction must be determined, when all the facts of the case are regularly before us. Until then, we decline to express any opinion upon them.

The decree of the probate court is reversed, and the case remitted for further proceedings there.