## EST. OF MARGARET McDONALD, DECEASED.

### APPEAL BY ELIZABETH MCCAULEY FROM THE ORPHANS' COURT OF. ALLEGHENY COUNTY.

Argued November 5, 1889—Decided November 11, 1889.

1. The will of a decedent, domiciled in this state but dying in a foreign country, having been admitted to probate and filed in the probate court of the foreign country, a copy thereof duly proved by the testimony of the subscribing witnesses taken upon a commission, is entitled to be admitted to probate in the court of the domicile in this state.
2. On an application for an issue devisavit vel non, alleging testamentary incapacity and undue influence, testimony showing that the mind of the testatrix was somewhat weak and vacillating, and that the alleged will was made in favor of a beneficiary with whom she formerly had not been on friendly terms, is insufficient to warrant the ordering of an issue.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-IAMS, McCOLLUM and MITCHELL, JJ.

No. 198 October Term 1889, Sup. Ct.; court below, No. 432 September Term 1888, O. C.

On November 17, 1888, Elizabeth McCauley presented her petition, showing that she was the only sister of Margaret Mc-Donald, deceased, who, a resident of Allegheny city, Pa., had died on December 7, 1885, while on a visit at Porta Ferry, in Ireland, leaving an alleged will bearing date December 4, 1885, purporting to be executed at Porta Ferry, and which had been admitted to probate in the High Court of Justice, at Dublin, in Ireland, on January 20, 1886; that a copy of said alleged will, proved by the testimony of the subscribing witnesses taken upon a commission sent for the purpose to Dublin, had been admitted to probate by the register of wills in Allegheny county on or about March 6, 1888;—praying upon the forego-ing and other facts set forth in said petition that an issue be granted, to determine:

1. Whether or not at the time of the execution of the said writing or alleged will the said Margaret McDonald was of sound and disposing mind, memory and understanding; that

is, possessed of testamentary capacity, and capable of transacting business.

2. Whether the execution of said paper writing was procured by fraud and the exercise of undue and improper influence upon the part of the beneficiaries mentioned in said alleged will or writing.

3. Whether or not, the original will should be probated in Allegheny county, the domicile of said decedent and where her only estate is, and not in Ireland, where at the time of her death she had no estate whatever.

To a citation upon the beneficiaries of the alleged will, awarded upon the filing of the petition, an answer was filed; and a hearing having been had, on January 17, 1889, the court, OVER, J., filed the following opinion:

The appellant alleges: (1) That Margaret McDonald, the decedent, at the time she executed the paper, a copy of which has been admitted to probate as her will, had not testamentary capacity, and that it was procured to be made by fraud and undue influence, and prays for an issue to determine these questions. (2) That her domicile was in this county, and that, therefore, a copy of the paper could not be legally admitted to probate there.

1. Whilst the evidence shows that her mind was somewhat weak and vacillating, yet as this does not constitute testamentary incapacity, an issue as to that must be refused. It must be, also, as to the question of fraud and undue influence. There is no direct evidence to sustain this averment of the appellant, but it is claimed that it should be inferred from the facts of the case. They are substantially as follows:

On May 27, 1876, Mrs. McDonald executed a paper, as her will, in which she gave all her estate to her sister, the appellant. In July, 1885, in company with her husband, she visited friends in Ireland, stopping with her sister-in-law, Mrs. McMath, at Porta Ferry, where she executed the paper probated as her will on December 4, 1885, in which she bequeathed a legacy of one hundred and fifty pounds to Mrs. McMath, one of two hundred and fifty to Mrs. Savage her niece, one of one hundred and fifty to Capt. Conkey described as her cousin, one of twenty pounds to the poor of Porta Ferry, and gave the re-

mainder of the estate to her husband. Prior to this visit she was not on friendly terms with Mrs. McMath and frequently expressed great dislike for her. The will was prepared by a Mr. Mount, one of the witnesses, who testified that no person was present with him when the instructions were given and it was prepared, and no person but the other witness and himself, when it was executed. Mr. McDonald, her husband, was with her almost constantly during her sickness, but when the will was being prepared, was out taking a walk, but returned before the business was finished. He testified that Mr. Savage, on his return, told him that he could not go into his wife's room, that she was settling her affairs; that he was not allowed to go in, and did not, until after the witness had gone away; that he had no conversation with her about the will, except that on the evening after its execution, she asked him to sign an agreement that she was to do with her property as she wanted, which he promised to sign and subsequently did. He also testified, that his wife, when they were returning to Ireland from a visit to Scotland took sick at Belfast, and that at her request he telegraphed for Mrs. McMath to come there; that she came and accompanied them to her home at Porta Ferry, where Mrs. McDonald lay sick for four or five weeks, and died on December 7, 1885.

The only reasons which can be given to infer undue influence, are that it is improbable that without such influence Mrs. McDonald would have bequeathed a legacy to Mrs. McMath, and none to the appellant. But, whilst it is evident that her feelings towards both had frequently changed, yet it appears that the change as to Mrs. McMath occurred prior to the time the will was made; and that when they were separated and she was in distress, she appealed to Mrs. McMath for friendly aid, and, for aught that appears in the evidence, the change as to the appellant may have occurred long prior to her visit to Ireland. These reasons, therefore, are not sufficient to justify such an inference.

2. Mrs. McDonald and her husband were domiciled in this county for a number of years prior to their visit to Ireland, and their intention was to return here after the visit. Her domicile was therefore in this county, and this court had original jurisdiction of the probate of her will. It was, however,

probated and filed in the probate court at Dublin, Ireland; and, as it cannot be withdrawn from the records of that court, a certified copy was admitted to probate by the register, upon proof by the subscribing witnesses as to the execution of the original, and that the copy was a true one. It is objected to this that only the original will could be admitted to probate.

In Foster's App., 87 Pa. 67, it was held that when a will of a testator was lost or destroyed, its contents may be proved by parol and the will as thus reproduced admitted to probate. And it was said in Laing v. Oakly, 98 Mass. 267, that the inability to produce the original will, caused by its detention in a foreign court, would make secondary evidence of its contents admissible, as much as if the papers were lost. The principal objection which can be made against permitting a lost or destroyed will to be probated, is that the contents have to be proven by oral testimony, and that too much, therefore, depends upon the memory of the witnesses. But where the will has been deposited in a foreign court and a copy of it is produced, this objection does not exist; and, as it is as much beyond the control of the parties there, as if it were lost or destroyed, a fortiori, the rule applicable to lost wills should apply. It follows therefore that the register was right in admitting the copy of the will to probate, and this appeal must be dismissed.

A decree having been entered dismissing the petition, the petitioner took this appeal, specifying that the court erred: 1. In refusing to award an issue as prayed for. 2. In ruling that the copy of the will as admitted to probate in Ireland, was properly admitted to probate in Allegheny county.

*Mr. H. S. Floyd*, for the appellant.

Upon the questions of testamentary capacity and undue influence, counsel cited: Dunham's App., 27 Conn. 192; Brooks v. Townsend, 7 Gill 10, 27; Redf. Am. C. on Wills, 67, 89, 736; 1 Redf. on Wills, 510–14, 529; Boyd v. Boyd, 66 Pa. 294; Cuthbertson's App., 97 Pa. 172; Harden v. Hays, 9 Pa. 151. Upon the jurisdiction for probate: Schouler on Exrs. & Admrs., §§ 21, 57; 1 Wms. on Exrs., 428.

*Mr. John G. Bryant*, for the appellees, was not heard.

PER CURIAM:

> The decree is affirmed, and the appeal dismissed, at the costs of the appellant.