GEORGE K. PRATT *v.* BELLA P. HARGREAVES ET AL.

1. WILLS. *Probate. Inability to produce original. Evidence. Code* 1892,
   §§ 1828. 1829.

   Although the statutes, code 1892, §§ 1828, 1829, contemplate the production of an original will (not a foreign one), whose probate is sought, yet, if from any cause its production cannot be had, secondary evidence of its contents is admissible, and it may be probated on such evidence.

2. SAME. *Louisiana nuncupative will.*

   If a person domiciled in Louisiana there execute what is denominated by the laws of that state a nuncupative will, the same being written on the books of a notary public, and made by law a public record, the removal of which from the state is prohibited, and such person afterwards remove to and become a citizen of this state, and die here, the will can be probated in Mississippi upon the production of a duly authenticated copy from the Louisiana record.

3. SAME. *Revocation. Removal of testator.*

   The removal and change of citizenship from Louisiana to this state of a person who has executed such a Louisiana nuncupative will, does not revoke the will.

FROM the chancery court of Harrison county.

HON. NATHAN C. HILL, Chancellor.

Pratt, the appellant, was the complainant or petitioner in the court below; Hargreaves and others, the appellees, were defendants there. The litigation between the parties over the will in controversy has twice before been in the supreme court, and while the opinion in the present case states the facts upon which it is based, a fuller history of the controversy can be found in the two previous decisions, reported, *Pratt* v. *Hargreaves,* 75 Miss., 897, and *Pratt* v. *Hargreaves,* 76 Miss., 955.

The court below refused to probate the will, and Pratt, the proponent thereof, appealed to the supreme court.

*J. I. Ford* and *Frank Johnston,* for appellant.

Secondary evidence is admissible in the probate of the will of Mrs. Bidwell, deceased, the original being beyond the jurisdiction of the court. It is a rule of evidence of universal acceptance that where a document of any sort is beyond the jurisdiction of the court, secondary evidence of its contents is admissible.

In *Binney* v. *Russell,* 109 Mass., 55, the copy of a document in the hands of a witness in a foreign jurisdiction annexed to his deposition was held to be competent evidence, the witness having refused to annex the original document to his deposition.

The same rule was declared in *Clark* v. *Houghton,* 12 Gray, 38, 43, a case where the original document was in the hands of a witness out of the jurisdiction of the court, a copy being admitted as competent evidence.

In *United States* v. *Rayburn,* 6 Peters, 352, oral testimony was permitted of the commission of a privateer, the original being beyond the jurisdiction of the court.

In *Mauri* v. *Hefferman,* 13 Johns., 58, the original contract was in the possession of a notary public who was beyond the jurisdiction of the court, and the court admitted a copy of the instrument in evidence. See, also, *Bank* v. *Conkey,* 4 Met., 459, and *Bailey* v. *Johnson,* 9 Cowen, 115; 7 Am. and Eng. Enc. L., 88, and notes.

Another objection made to the petition for the probate of the will is that the removal of Mrs. Bidwell's domicile from Louisiana to Mississippi, with her will in the notarial records of the former state operated as a revocation of the will, for the reason that, as it is assumed, the laws of the latter state require inflexibly the production of the original will, which cannot be done. This proposition is absolutely indefensible on principle or authority. It assumes that the Mississippi law requires the production of this original will as a *sine qua non*

to its admission to probate. It assumes that the testatrix supposed this to be the law of Mississippi, and then leaving the original will in a situation where it could not be produced in the Mississippi court, when she changed her domicile she intended this as a revocation of the will.

But suppose the law in this case permits the introduction of a certified copy of the will; then it must be assumed that Mrs. Bidwell, the testatrix, so understood the law, and, knowing that her will could be thus probated in Mississippi, did not intend, by her change of domicile, to revoke her will. It is thus obvious that the whole question is, at last, not a question of revocation, but of the competency of secondary evidence of the will.

It is conceded that if the original could be produced it should be probated. It cannot be said, therefore, that it is revoked by implication.

*T. M. Miller* and *T. V. Noland,* for appellees.

In the act of making a will the proposed testator must have regard to two things: (1) The disposition of his property within the limitations allowed; (2) the fact that the will as expressed must be probated conformably to law before it can have operation.

It will scarcely be denied that if one should execute a document testamentary in form, with all solemnities and attested conformably to law, yet close with the declaration that it shall remain in the hands of some named friend, who shall see to its dispositions being carried into effect, and that under no circumstances shall it be made public or surrendered to any court for probate, a case of pure intestacy would arise.

The will could not be enforced, because the right to make a will is coupled with the obligation that it shall be probated, and no court would have the power to take possession of the document. It could not be proved by copy; there would be no case of loss or spoliation by a stranger. It could not be proved

at all, because, being so made as to be incapable of probate, it is not a will in law.

Now, had Mrs. Bidwell remained a citizen of Louisiana, the certified copy of her will, after being admitted to probate at her domicile, could have been probated here. But when she acquired her abode in Mississippi she must have known that the laws of this state contained no provision for probating copies of foreign-made wills by persons domiciled here; and having thereafter left this alleged will in Louisiana, as an irremovable public archive, and not having made a new will, it must be manifest that she never expected or intended that it could be operative here.

We have had several codifications of our laws since the court has decided that copies of a will made by persons domiciled here cannot be admitted to probate. And in view of the circumstance that no change has been made in the statute, it is clear that the legislature has not meant to depart from the policy of requiring the original document itself to be offered at the home of the testator. The entire statute dealing with the subject contemplates the probate of the original will. The common law may be said to come to the aid of the statute only to prevent fraud upon the deceased or the legatees, as in the case of spoliation or accidental loss, for in both these instances the intent of the testator that the will should have effect according to law would be frustrated. The absence of the original in these cases would be against the wish and intent of the testator, but where the inability of proponent to produce the original is due to the deliberate act of the testator himself, evincing a purpose that it shall not be produced, the reasons for the above exceptions can have no room.

And so it is that all authorities relied on by opposing counsel, to the effect that when a document upon which a litigant's right depends is lost or beyond the jurisdiction of the court, it is competent to prove its contents, can have no effect here.

There is wisdom in the law in failing to provide for the use of certified copies from abroad at the testator's own domicile. For if a person domiciled here may go abroad and make a will like this, not a document to be surrendered for probate, but the public archive of another country, the door would be thrown wide open to the perpetration of frauds by simulations and forgeries which could never be exposed unless the contestants had means to send abroad and find evidence.

While there is a statute giving local effect to a will made according to the law of the testator's foreign domicile, and no statute to keep it in effect in case of change of domicile to the state enacting the former, the removal is tantamount to revocation of the will, for it becomes inoperative, the law being only for the benefit of persons domiciled in other states or countries. Schouler's Ex. & Admrs., sec. 71.

TERRAL, J., delivered the opinion of the court.

George K. Pratt filed his petition to the August term, 1899, of the chancery court of Harrison county, seeking the probate of the last will and testament of Mrs. Louisa J. Bidwell, deceased. From the petition demurred to, it appears that Mrs. Bidwell departed this life on the 16th day of May, 1897, at her place of fixed residence in Harrison county, this state; that on the 4th day of June, 1890, Mrs. Bidwell, being of sound and disposing mind and over the age of twenty-one years, executed her last will and testament in the presence of four subscribing witnesses thereto; that said will was executed by Mrs. Bidwell in the city of New Orleans, where she was then domiciled; that said will was made in the form, as termed by the laws of Louisiana, of a nuncupative will by notarial act—that is, it was written out at length on the records of the notarial acts of George C. Proot, a notary of said city of New Orleans, and was subscribed by said testatrix, and by said Proot and three other credible witnesses; that by the laws of the state of Louisiana said will of Mrs. Bidwell, from its manner of

execution, became a public record of said state, irremovable therefrom for any purpose, and that, being unable to obtain said original will, the petitioner files with his petition a copy of said will duly authenticated by said George C. Proot, for the probate thereof; and that Bella P. Hargreaves and Agnes E. Carey, of the state of Texas and as the heirs of Mrs. Bidwell, have filed a caveat against the probate of said will.   It further appears that Mrs. Bidwell at her death was the owner of real and personal property in said Harrison county, and that said George K. Pratt is named as executor of said will.

The petition prayed that the last will and testament of Mrs. Bidwell as contained in the notarial acts of said George C. Proot, of which an authenticated copy is filed with said petition, be established and declared the last will and testament of ·Mrs. Louisa J. Bidwell.   Bella P. Hargreaves and Agnes E. Carey, the heirs of Mrs. Bidwell, demurred to said petition. The demurrer was sustained and the petition was dismissed. The petitioner, George K. Pratt, appeals.

The decision of the chancery court is sustained, as it is claimed by the contestant, upon the consideration, that if the will of Mrs. Bidwell of June 4, 1890, was a valid will, it was revoked by the removal of Mrs. Bidwell to Mississippi and by her becoming domiciled here; or, secondly, if still valid, it cannot be probated in the chancery court of Harrison county unless the original will be brought into the court and be there filed as a permanent record thereof.   And it is admitted that by the laws of Louisiana this cannot be done.

It would be mere conjecture for us to suppose that Mrs. Bidwell knew that her notarial will before Proot could not be proven in Mississippi, or that she intended, by removing to Mississippi, to revoke that will.   Certainly Mrs. Bidwell might have revoked her notarial will at any time she had chosen so to do, but we cannot regard the making of her domicile in Mississippi as evidence of that intention.

Nor can we suppose that the inability of the proponent to produce the original will in the chancery court of Harrison county can affect the question of the probate of it, under the circumstances of this case.

There is abundant authority, as the learned counsel for contestant admit, that if an original will cannot be produced in court because it is lost or destroyed, that such accident would not stand in the way of the court in proving by secondary evidence its execution and contents, and of establishing the will so lost or destroyed. And if a lost or destroyed will may be established by secondary evidence of its execution and contents, we see no good reason why a will in the situation of the one before the court may not be proven and established.

A commission with letters rogatory was sent to a notary in the city of New Orleans, and the commission has been executed, and there appears no difficulty in making due proof of the execution of the will, of which an authenticated copy is filed with the application for the probate of the will. But the action of the court proceeds not upon the ground that no sufficient proof could be made of the execution of the will, but upon the ground that the rules of law do not allow of any proof in the case unless the original paper be brought before the court. Unless there be immovable property of Mrs. Bidwell in Louisiana affected by this will, it is a singular law of our sister state that keeps this document there where it can effect no good; but it would be more singular if the laws of Mississippi should permit the laws of another state to render ineffectual the just rights of the citizens of Mississippi. If a resident of Louisiana had possession of the will and refused to give it up, we doubt not that proof of the document would be admitted here by secondary evidence of its contents whenever such proof should be necessary to protect the rights of our citizens. Like proof should be admitted when the laws of a state intervene to shut off the production of the best evidence.

The domiciliation of Mrs. Bidwell in Harrison county at her death makes it necessary that her will be probated in said county both as to all her personal property, which is governed in the distribution by the laws of the state of the last domicile, and also as to all her real estate in Mississippi, and unless so probated, it becomes a useless document as to all her personal estate everywhere, and also as to all her real estate in Mississippi. It is a maxim that every right has its remedy; but a right out of possession is worthless unless evidence may be had to establish it. Here we have a right, and the evidence to support it, but the question is whether the law furnishes a method of applying the evidence in support of the right.

In the matter of Catherine Roberts' will and codicil, 8 Paige's Ch. Rep., an authenticated copy of the will of Catherine Roberts was established in the state of New York as her will, the original being in the island of Cuba, and required to be kept there by Spanish laws.

In *Maun* v. *Hefferman,* 13 Johns., 58, it was held that a notarial copy of a contract was admissible in evidence, the original being in the possession of a notary out of the jurisdiction of the court.

In *Alvion* v. *Furnival,* 1 Co. M. & Ros., 272, it is held that an agreement of reference, made in France, was sufficiently proved by an examined copy and the evidence of the attesting witness, it appearing that the original was deposited with a notary at Paris for safe custody, and that it is the established usage in France not to allow the removal of a document so deposited.

In *Lunday* v. *Thomas,* 26 Ga., it is said: "When a paper is beyond the jurisdiction of the court, verbal evidence of its contents is admissible."

In *Burney* v. *Russell,* 109 Mass., a copy of a document which the witness refused to annex to his deposition was admitted in evidence. Same principle is held in *Burton* v. *Driggs,* 20 Wall.,

133; *Burnheimer* v. *Wood*, 8 N. H., 334; *Beattie* v. *Hilliard*, 55 N. H., 428; *Moody* v. *Corn*, 4 Met. (Ky.), 1.

We think that the action of the court in sustaining the demurrer to the petition filed in this case is erroneous.

*The said decree or order is reversed, the demurrer is overruled and the case is remanded to the chancery court of Harrison county for further proceedings.*