## MRS. M. J. JACOBS *v.* WILLIS' HEIRS.*

## (*Nashville.* December Term, 1922.)

1. **WILLS.** Certified copy of decedent's will erroneously probated in another State is entitled to probate.

   Under Shannon's Code, section 3916, providing that, where the last will and testament of any person deceased is proved in a court of any State or territory, a copy thereof duly authenticated may be recorded in the county court in which the decedent owned land, and have the same effect as if the original had been executed, proved, and allowed in the courts of the State, which was derived from Acts 1823, chapter 31, enacted to permit the probate and recordation of wills of nonresidents who devised land in the State, a certified copy of a will executed by a resident of the State, but which had been erroneously probated in the court of another State, may be admitted to probate in the county court of a county in which the decedent owned land. (*Post, pp.* 543-545.)

   Acts cited and construed: Acts 1823, ch. 31.

   Cases cited and approved: Buchanan v. Matlock, 27 Tenn., 390; Townsend v. Townsend, 44 Tenn., 83; Smith v. Harrison, 49 Tenn., 230; Morris v. Swaney, 54 Tenn., 591; Wisener v. Maupin, 61 Tenn., 354.

   Codes cited and construed: Secs. 5585a1, 3902, 3916 (S.).

2. **WILLS.** Place where made has no legal effect.

   The validity of a will of realty is determined in conformity with the *lex situs,* and of a will of personalty in conformity with the *lex domicilli,* so that the place where the will happens to be made is not significant in legal effect. (*Post, pp.* 545-548.)

   ---

   *On jurisdiction to admit to probate will not probated at testator's domicil see note in 33 L. R. A. (N. S.), 658.

   As to the force of a decree of another state admitting a will to probate see notes in 48 L. R. A., 136 and 13 A. L. R., 498.

Jacobs v. Willis' Heirs.

3. **WILLS.** May be probated in any State where land was situated prior to probate in domicile.

Though the court of primary probate jurisdiction is determined by the residence of testator, the proper court of any State in which testator, owned land at the time of his death may admit his will to probate prior to the probate, thereof in the State of his residence. (*Post, pp.* 545-548.)

Acts cited and construed: Acts 1823, ch. 31.

Cases cited and approved: J. H. Kirkland, Ex'r, v. George R. Calhoun, et al., 248 S. W., 302; Parnell v. Thompson, 81 Kan., 119; Wisener v. Maupin, 61 Tenn., 354; Pratt v. Hargreaves, 77 Miss., 892; In re Faber, 5 Ohio S. & C. P. Dec., 575; Robert's Succession, 2 Rob. (La.), 427; Foster's App., 87 Pa., 67; Laing v. Oakly, 98 Mass., 267.

Cases cited and distinguished: Buchanan v. Matlock, 27 Tenn., 390; Walton v. Hall, 66 Vt., 455; In re McDonald's Estate, 130 Pa., 480.

4. **WILLS.** Foreign probate proceedings are entitled to full faith and credit.

Proceedings in a court of a foreign State for the probate of a will are judicial proceedings to which full faith and credit must be given under Constitution, U. S., article 4, section 1, so that a certified copy of the record of probate proceedings in another State authenticated in the manner required by Act Congress, May 26, 1790. (U. S. Comp. St., section 1519), is entitled to probate. (*Post pp.* 548-550.)

Case cited and approved: Thompson v. Whitman, 18 Wall., 457.

Case cited and distinguished: Fitzsimmons v. Johnson, 90 Tenn., 416.

Code cited and construed: Sec. 5585a1 (S.).

Constitution cited and construed: Art. 4, sec. 1 (U. S.)

FROM FRANKLIN.

Appeal from the Circuit Court of Franklin County.—
HON. JOHN T. RALSTON, Judge.

ESTILL & CROWNOVER and TATUM, THACH & LYNCH, for
appellants.

JAMES M. TRIMBLE, for appellee.

MR. H. G. MORRISON, Special Justice, delivered the opin-
ion of the Court.

This is a contest over the right to probate a certified copy
of the will of Cyrus L. Willis, a resident of Franklin coun-
ty, Tenn., at the time of his death. The original will was
first probated in Jackson county, Ala., and is lost or de-
stroyed.

The certified copy of the record in the probate of the
will in Alabama was admitted to probate by the county
court and by the circuit court of Franklin county, Tenn.,
on appeal. The court of civil appeals affirmed the circuit
court.

At the time of his death Cyrus L. Willis had his usual
place of residence upon the Tennessee portion of a farm
situated partly in Franklin county, Tenn., and partly in
Jackson county, Ala. He made his will in 1888, and de-
vised all of his property to his widow, Mary A. Willis,
and she erroneously probated the will in Jackson county,
Ala., in the year 1891.

In August, 1920, Mrs. M. J. Jacobs purchased the Tenn-
essee land, and in 1921 she procured a copy of the record
in the probate of this will from the county court of Jack-
son county, Ala., certified in accordance with the Act of

Congress of May 26, 1790, and in accordance with Shannon's Code, section 5585a1 (U. S. Comp. St., section 1519). She offered this record for probate. The county court admitted the copy to probate. On appeal to the circuit court the county court was sustained.

The testimony shows that the original will is lost or destroyed; that it was a valid will in the State of Alabama, and entitled to be probated there; and one of the subscribing witnesses to the original will testified in support of the copy. The certified copy shows that the will in form is a sufficient will under the laws of Tennessee.

The principal error assigned is that, the will being a domestic will—that is, a will made in Tennessee—the original thereof must be probated in the county where the testator had his usual residence at the time of his death, as provided by section 3902 of the Code.

Therefore, the only question is whether or not the said certified copy of the will and record of the probate thereof in Jackson county, Ala., may be probated in Franklin county, Tenn., where Cyrus L. Willis had his usual residence at the time of his death, or if the parties are required first to set up the will as a lost or destroyed written instrument.

The plaintiff asserts that she is entitled to probate the certified copy under section 3916 of Shannon's Code and under section 5585a1. If the certified copy is not sufficient under these statutes, then the only procedure for the complainant is to set up the will as a lost or destroyed written instrument in the chancery court. *Buchanan* v. *Matlock,* 8 Humph., 390, 47 Am. Dec., 622; *Townsend* v. *Townsend,* 4 Cold., 83, 94 Am. Dec. 185; *Smith* v. *Harrison,* 2 Heisk., 230; *Morris* v. *Swaney,* 7 Heisk., 591;

*Wisener* v. *Maupin,* 2 Baxt., 354; Caruthers' History of a Lawsuit, 552.

Section 3916 of the Code relied upon by the plaintiff is as follows: "And where the last will and testament of any person deceased is proved in a court of any state or territory of the United States, or before the mayor of any city, any person interested may present a copy thereof, duly authenticated, to the county court of any county in the State where the land or estate devised or disposed of by the will is situated; and thereupon such court may order the same to be filed and recorded, and said copy, when so recorded, shall have the same force and effect as if the original had been executed in this State, and proved and allowed in the courts of this State."

Considered apart from its setting among the statutes of article 4, which treats of "Wills of other States and foreign countries," the language of the above section is plenty broad to include the will of a resident of this State first probated in a foreign State. The section is derived from chapter 31 of the Acts of 1823, which is as follows:

### Chapter 31.

"An act to provide for the recording of last Wills and Testaments made out of the limits of this State.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that where the last will and testament of any person deceased, has heretofore been proved, or may hereafter be proved, in a court of any State in the United States, or in any territory thereof, or before the mayor of any city, that it shall be lawful for any person interested to present a copy of said will or testament, duly authenticated, to the court of pleas and quarter sessions

of any county in this State, where the land, or estate devised by said will, or any part thereof, is situated; and thereupon, such court may order the same to be filed and recorded, and such copy, when recorded, shall have the same force and effect, as if the original had been executed in this State, and proved and allowed in our courts, and said will shall be sufficient to pass lands and other estate; provided always, that the said last wills and testaments shall have been, or shall be, proved according to the laws now·in force in this State, as to wills made and executed within the limits of this State.

"Sec. 2. Be it enacted, that the copy of such will shall be authenticated in the manner which has been prescribed by the Congress of the United States for authenticating the records and judicial acts of any one State, in order to give them validity in any other State, in those cases where the will is proved before a court of any other State, and where the same is proved before the mayor of any city or corporation, the authentication shall be under the hand of the mayor,.and the seal of the city or corporation; and such copy, so authenticated, or a copy thereof, when recorded, certified by the clerk of the court in the State where the same is recorded, shall, and may be, read in evidence in any court of the State.

"Sec. 3. Be it enacted, that when there shall be goods and chattels in this State to be administered under any such will, the executors, or some one of them, shall be authorized to qualify as such, and shall give bond and security as required in cases where the will was made within the limits of this State, and shall be subject to be proceeded against, as in other cases; and where any person interested shall wish to contest the validity of said will,

Jacobs v. Willis' Heirs.

they shall be authorized to do so, in the same manner as though it had been originally presented for probate in said court."

The caption of the act provides for the recordation of "wills and testaments made out 'of the limits of this State," but the purpose of the act and its intendment is plainly to provide for the probate and recordation in the proper county of this State of a will duly probated in a foreign State upon presentation of a copy duly authenticated, as provided by Congress pursuant to the full faith and credit clause of the United States Constitution. We can think of no reason for the legislature to exclude a will from the operation of the statute merely because it happened to be "made" outside of this State. The validity of a will of realty is determined in conformity with the *lex situs*, and the validity of a will of personality is determined in conformity with the *lex domicilli, J. H. Kirkland, Ex'r*, v. *George R. Calhoun et al.*, 248 S. W., 302, recently decided by this court. The place where a will happens to be made is not significant in legal effect. The court of primary probate jurisdiction is determined by residence. But the proper court of any State in which the testator owned land at the time of his death may admit his will to probate prior to the probate thereof in the State of his residence. *Parnell* v. *Thompson*, 81 Kan., 119, 105 Pac., 502, 33 L. R. A. (N. S.), 658.

When chapter 31 of the Acts of 1823 was enacted there was no statutory procedure for the probate and recordation of wills of nonresidents who devised land in this State other than the production of the original will. Chapter 31 of the Acts of 1823 was evidently enacted to cure

this infirmity and to provide a method whereby the records of other States evidencing the devolution of the title to land in this State might become incorporated into the records of the appropriate county. The text-books and cases sustain this construction.

In the case of *Wisener* v. *Maupin*, 2 Baxt., at page 354, a certified copy of a will probated in Tennessee, was admitted to probate against the contention that the original will should be produced. Judge FREEMAN for the court said, after discussing the case of *Buchanan* v. *Matlock*, 8 Humph., 390, 47 Am. Dec., 622, which held that chancery had exclusive jurisdiction to set up a lost or destroyed will:

"This jurisdiction is maintained unanswerably by the opinion of Judge TURLEY in that case; but that does not touch the question as to whether a circuit court may not try an issue of *devisavit vel non*, on a copy of the original, the correctness of the copy not being in dispute, but acknowledged. We may add, that it seems to us a sacrifice of the ends of justice to a mere form to require the parties to go through a tedious suit in a court of chancery to establish the contents of a destroyed will, when they already have a copy as accurate as the one would be when thus established, the correctness of which is not denied. At the end of the litigation there would be a copy at last, and probably the decree establishing the will would be based on proof of the correctness of the very copy now before the court."

In Schouler on Wills, section 1168, it is said: "If a resident of one State dies testate, leaving property in another State upon which the will can act, it may be pro-

bated in that other State, and the State of residence will give such probate due force and credit"—citing *Walton* v. *Hall*, 66 Vt., 455, 29 Atl., 803.

"Where a will is a domestic one, and entitled to original probate because it is made by a citizen of the State, although executed while temporarily residing abroad, or while previously residing in another State, an authenticated copy may be admitted to probate in case it is impossible to present the original will; as where it is written in a book of wills instead of one on a loose sheet of paper." 40 Cyc., L. & Pro. Wills; *Pratt* v. *Hargreaves*, 77 Miss., 892, 28 South., 722, 78 Am. St. Rep., 551. *In re Faber*, 5 Ohio S. & C. P. Dec., 575; *Robert's Succession*, 2 Rob. (La.) 427.

*In re McDonald's Estate*, 130 Pa., 480, 18 Atl., 617:

"Mrs. McDonald and her husband were domiciled in this county for a number of years prior to their visit to Ireland, and their intention was to return here after the visit. Her domicile was therefore in this country, and this court had original jurisdiction of the probate of her will. It was, however, probated and filed in the probate court at Dublin, Ireland; and, as it cannot be withdrawn from the records of that court, a certified copy was admitted to probate by the register, upon proof by the subscribing witnesses as to the execution of the original and that the copy was a true one. It is objected to this that only the original will could be admitted to probate.

"In *Foster's App.*, 87 Pa., 67, it was held that when a will of a testator was lost or destroyed, its contents may be proved by parole and the will as thus reproduced admitted to probate. And it was said in *Laing* v. *Oakly*, 98

Mass., 267, that the inability to produce the original will, caused by its detention in a foreign court, would make secondary evidence of its contents admissible, as much as if the papers were lost. The principal objection which can be made against permitting a lost or destroyed will to be probated, is that the contents have to be proven by oral testimony, and that too much, therefore, depends upon the memory of the witnesses. But where the will has been deposited in a foreign court and a copy of it is produced this objection does not exist; and, as it is as much beyond the control of the parties there, as if it were lost or destroyed, *a fortiori,* the rule applicable to lost wills should apply. It follows therefore that the register was right in admitting the copy of the will to probate, and this appeal must be dismissed."

If a certified copy of the will of a nonresident may be probated in Tennessee, under section 3916, is there any reason to deny equal force to the will of a resident of Tennessee, which has been erroneously probated in a foreign State first. Our conclusion is that the certified copy of the will in this case is entitled to be probated under section 3916.

The next question is whether or not the certified copy of the record of the probate proceedings in Jackson county, Ala., may be entitled to probate. Section 5585a1 of the Code (U. S. Comp. St., section 1519) reads as follows:

"The acts of the legislatures of the several States shall be authenticated by having the seal of their respective states affixed thereto. The records and judicial proceedings of the courts of any State shall be proved or admitted in any other court within the United States, by the at-

testation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form.  And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken."

Article 4, section 1, of the United States Constitution, says that full faith and credit shall be given in each State to the judicial proceedings of every other State.  The will in question was properly admitted to probate by the Alabama court and the judgment of a probate court is a judicial proceeding.  *Fitzsimmons* v. *Johnson,* 90 Tenn., 416, 17 S. W., 100.

The rule respecting probate adjudications is thus stated (23 Cyc., 1591) :

· "A judgment or decree of a competent court in another State admitting a will to probate, or revoking probate already granted, is a 'judicial proceeding' to the record of which full faith and credit is to be given when authenticated conformably to the act of Congress."

The rule is stated in 15 R. C. L., p. 938, section 413: "The authentication provided by Congress for the acts, records and judicial proceedings in each· State was intended as evidence only of the existence of such acts and records, and not to give them any greater validity or effect than that which they had in the State from which they were thus accredited.  It merely provides a mode of proving public records, leaving them, when proved, invested

with the same force and effect, and no other, which they had at home. If they have locally the faith and credit of evidence of the highest nature, that is to say, conclusive evidence, they must have the same faith and credit in every other court."

See *Thompson* v. *Whitman*, 18 Wall., 457, 21 L. Ed., 897.

From the foregoing it is apparent that the certified copy of the will in the probate proceedings from the probate court in Alabama is entitled to be probated in Franklin county, Tenn., under section 5585a1.

It follows that the court of civil appeals will be affirmed.