·Liberty·Mutual Insurance Company, Appellee,

*v.*

.Willie Stevenson, Appellant.

368 S. W. 2d 760.

(*Nashville,* December Term, 1962.)

Opinion filed June 4, 1963.

CARROLL C. JOHNSON and ALLEN COX, JR., Memphis, WARING, WALKER, COX & LEWIS, Memphis, of counsel, for appellant.

J. W. KIRKPATRICK and JOHN B. MACK, Memphis, CLIFTON, MACK & KIRKPATRICK, Memphis, of counsel, for appellee.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is a workmen's compensation suit brought under the provisions of sec. 50-901 et seq., T.C.A. The Chancellor awarded the petitioner thirty-five (35%) per cent permanent partial disability to the body as a whole. To this award no exception has been taken. In addition to the above award the sum of $2,500.00 punitive damages was awarded on the ground that the insurance company, appellant here, refused to pay compensation for a period of approximately five (5) months immediately prior to the trial. The further decree was that if these compensation payments were not immediately started the punitive damages would be raised to $5,000.00.

The only question presented on this appeal is does the court in a workmen's compensation case have the

right and authority to award to the petitioning employee, in addition to such compensation benefits as he may be entitled to, punitive damages?

Of course, there could be no argument about the fact that the terms, "punitive damages", "exemplary damages", "vindictive damages" and "smart money" are all synonymous terms. For one to obtain this type of damages it is necessary in this State, and in most other states, that a predicate must have first been laid wherein actual damages have been awarded. *Allen v. Melton*, 20 Tenn.App. 387, 99 S.W.2d 219; annotation, 17 A.L.R.2d 527. Damages of this type are placed upon a defendant for his wrongful conduct and with a view to prevent similar wrongs in the future. They are not allowed as a matter of course, but only where there are some features of aggravation as where the wrong is done wilfully and maliciously, under circumstances of rudeness or oppression, or in a manner which evinces a wanton and reckless disregard of the plaintiff's rights.

We will not go into the factual situation in the instant case because the question can, and should be, determined in a workmen's compensation case of whether or not such action is permissible regardless of the gravity of the factual situation upon which damages of this sort have been placed upon a party. We will thus try to confine ourselves purely to the legal aspects of the question.

The suit was brought herein for workmen's compensation benefits, and in addition to the workmen's compensation benefits it was alleged that complainant was entitled to punitive damages as allowed for various and sundry reasons. In Tennessee a suit under our Workmen's Compensation Act pursuant to sec. 50-908, T.C.A., is exclu-

sive of all rights, or in the words of the Act, "shall exclude all other rights and remedies of such employee, * * *" and denies him the right of action "at common law or otherwise" for any injuries or death that might occur. The exclusiveness of this Act has thus been applied in a number of instances in this State as in *Napier v. Martin,* 194 Tenn. 105, 250 S.W.2d 35, wherein other cases are cited. When the employer and the employee elect to operate under this Act, that is the Workmen's Compensation Act, these benefits and rights the employee gets under the Act are exclusive. Section 50-903, T.C.A., provides that every employer and employee shall be presumed to have accepted the provisions of this Act for any injuries, etc., that might arise out of the Act, and elect to be bound by the provisions of the Act unless they have given notice, etc., prior thereto. The action, it is true, is a contractual action where in fact there are three parties to the action, the employee, the employer and the State. There are certain provisions of the Act which give a case filed for compensation precedence in court, and the right to a direct appeal from the trial court to the Supreme Court where the case shall be advanced on the docket (sec. 50-1018, T.C.A.). The petitioners are also given other rights wherein if the compensation isn't paid within, or action taken within, due time the Commissioner of Labor is empowered to take action and enforce the benefits of the Act (sec. 50-1028, T.C.A.). Thus, it is that when one has elected, as they have herein, to come under the Workmen's Compensation Act and have elected to bring their suit for compensation under the Act, this remedy is exclusive. The statutory enactment is set forth in sec. 50-901 et seq., T.C.A., and contains no provision wherein the failure to comply with the terms of this Act

penalizes anyone any more than the right that the Commissioner of Labor might exercise in seeing that the employers comply with the provisions of the Act and pay compensation to laborers. This Act constitutes a complete substitute for previous remedies in tort on the part of an employee, and protects the employee in literally hundreds of ways whereby an employee and his family can get a scheduled amount for various and sundry injuries to feed and care for him while the employee is ailing from these injuries. The Legislature has made the rights of the employee and employer the exclusive remedy. When one accepts benefits under an Act of this kind they must likewise take the burdens. If the Legislature in enacting these different benefits under this Workmen's Compensation Act had seen fit to penalize a delinquent or recalcitrant or an employer who came within the terms where punitive or damages of that kind would apply, they would have enacted such a statute. This statute has been on the books now for forty odd years. Of course, we know as a matter of practical knowledge that over the years many things of the kind have come up, but the Legislature evidently hasn't thought this was a sufficient reason to make them speed up the rights and remedies of the employee or certainly they would have enacted something long since. There is no provision in the Act for punitive damages or any of its synonymous terms.

A case somewhat in point is that of *Stricklen v. Pearson Const. Co.*, 185 Iowa 95, 169 N.W. 628. In this case the employee was awarded compensation under the Act of Iowa, but he felt that due to a factual situation therein that he was entitled to a claim for exemplary damages and brought a common law action for that purpose. That court held that the exemplary damages could only be

properly allowed where actual damages have been awarded, and that a servant having accepted the workmen's compensation benefits can have no standing in court to assert a right for exemplary damages on the ground of gross and reckless negligence or whatnot. This court said in part:

"In this case the plaintiff concedes that he has been allowed and has accepted compensation for his injury under the Workmen's Compensation Act, and by the express terms of that act his employer is thereby 'relieved from other liability for the recovery of damages or other compensation for such personal injury.' Code Supp. sec. 2477m. In short, plaintiff, having accepted compensation from his employer for the injuries of which he complains, can have no standing in court to assert the employer's further liability to him on that account."

The best reasoning we have seen on this proposition is contained in Larson's Workmen's Compensation, Vol. 2, beginning at page 138, sec. 65.30. The first paragraph or two of this section discusses disfigurement cases and other cases of the kind where there is no provision made under the Act for compensation. Since the Act doesn't contain any provision for such things, loss of teeth and things of that kind which do not come within the Act, it sometimes seems kind of hard, but since the Act doesn't provide for it there is no way to compensate the man. Then the author says this:

"* * * What will the new boundary on the elements of damage be, short of the entire range of tort elements, including pain and suffering, impotency, loss of childbearing capacity, loss of consortium, exemplary dam-

ages, and so on? It may be argued that refusal to recognize these items as compensable is unfair to the claimant, but this argument forgets that we are here dealing with the non-fault liability of an employer to an employee who may have well brought on the injury by his own personal negligence. Such liability can be justified as a social measure to prevent hardship due to wage loss, present and prospective, but there is no basis in the philosophy or purpose of workmen's compensation for making non-fault awards which bear no relation to earning capacity merely because the claimant has suffered some other kind of loss which arouses one's sympathy. * * *

"The point here is not that such losses should go unremedied, but that if a legislature sets out to undo the injustice of denying a remedy for such losses both under the compensation acts and at common law, it would do better to restore the common-law remedy. This would be more equitable from the employer's point of view, because he would be liable only when actionable negligence attributable to him could be shown, and from the employee's point of view, because he would not be held down to maximum limits of two or three thousand dollars for injuries which might, at common law, bring verdicts of many times that amount."

This statement of Larson is the real answer of why punitive damages may not be awarded in a workmen's compensation case.

Of, course, we realize the fact that when there is material evidence to support the finding of the trial judge in these compensation cases it is binding on us and that

we should give the Act a broad construction rather than a narrow construction, but we cannot legislate into an Act a clear provision which isn't in the Act. The Act very definitely fixes various and sundry amounts for various and sundry parts of the body and for percentages to the body as a whole and portions to the body as a whole and all of those things, but in doing all of this the Act doesn't penalize the employer or his insurance carrier for failure to comply therewith in the allowance of punitive damages or its synonymous terms. Of course, some states do have statutory provisions for penalties if the compensation carrier, or the employer, hasn't complied with the terms of the Act by acting arbitrarily or capriciously without probable cause, such as in the case of *Fruge v. Pacific Employers Ins. Co.*, 226 La. 530, 76 So.2d 719, 721. The penalties allowed there were purely statutory penalties. In every such case that we can find it is only where the penalties are made statutory and not growing out of the punitive element that might be awarded in tort actions where the facts justify the award.

The employee relies primarily in support of the Chancellor's action herein upon *Bryson v. Bramlett*, 204 Tenn. 347, 321 S.W.2d 555; and *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212. These cases are contract cases wherein punitive or exemplary damages were allowed because the breach of the contract in them amounted to a wilful tort or was accompanied by some act of fraud, oppression, wilful negligence, or malice on the part of the wrongdoer. They are, as we see it, no authority for engrafting upon the Compensation Act a section allowing such damages. Clearly in view of the exclusive remedy of the Act, to which we referred in the

outset of this opinion, we are unable to see how *Bryson v. Bramlett* or the Bland case is any authority here.

█ This case has been exceptionally well briefed and argued, and we have spent a good deal of time working on it and enjoyed doing so, because it is always a pleasure to work up a case that is well tried and argued, etc. After having spent some time doing this, reading the authorities, and doing a little independent research ourselves, we are satisfied that no action for punitive, or terms of synonymous meaning, damages is allowable in a workmen's compensation action. The result is that the judgment insofar as the allowance of punitive damages is concerned is reversed. The cause will be remanded to the Chancery Court for enforcement of its decree and the award made for workmen's compensation. The costs of the appeal will be taxed against the employee.