[Civ. No. 30395.   Second Dist., Div. Four.   Sept. 20, 1967.]

MADGE W. MILLAR, Plaintiff and Appellant, v. HELEN JAMES et al., Defendants and Respondents.

Sam Houston Allen for Plaintiff and Appellant.

Helen James, in pro. per., William F. Powers and Robert J. Schmorleitz for Defendants and Respondents.

FILES, P. J.—Plaintiff recovered judgment for the restitution of real property which she had been fraudulently induced to convey. Plaintiff is appealing from the judgment insofar as it fails to make an award against the defendants Helen James and Crete Dye for the use of the property and as exemplary damages.

The trial was by the court sitting without a jury. The findings of fact reflect the following:

On June 19, 1962, defendants, by means of fraudulent misrepresentation, induced plaintiff to sign an agreement to sell her property to defendant James for a price of $45,000, of which $12.000 was to be paid in cash and the balance was to be secured by a trust deed. On August 16, 1962, defendants, by trickery, obtained plaintiff's signature to a document which subordinated the purchase money trust deed to a first trust deed securing a loan to defendant James in the amount of $25,000.

On August 21, 1962, plaintiff conveyed title to defendant James, and defendants caused a first trust deed to be recorded to secure a loan of $25,000 made by defendants Edwards and

St. Claire. $9,287.87 of the proceeds of that loan was disbursed to plaintiff. The balance of it, after deducting escrow and title expenses, went to the defendants. Since that transaction, the defendant James has made payments to plaintiff aggregating $1,350.

The judgment canceled the deed to defendant James, and quieted plaintiff's title against the holders of the trust deed upon payment by plaintiff of the sum of $9,287.87 to the lenders, Edwards and St. Claire.

The findings of fact also state: ''That the defendant Helen James has been in possession of the said real property since the 23rd day of August, 1962, and still is in possession thereof; that the reasonable rental value of the said property is and at all times herein mentioned has been the sum of $100.00 per month.''

The trial court's conclusions of law[1] declare that: ''since plaintiff has elected to rescind her aforesaid deed and to have her title and possession restored she may not recover damages for the loss of possession during the period she has been deprived thereof.''

Under the facts as found by the trial court, plaintiff was entitled to recover not only the property itself, but the monetary equivalent of its use during the time it was in the possession of defendant James. (Civ. Code, § 1692; *Kenney* v. *Parks,* 137 Cal. 527, 532 [70 P. 556] ; *Austin* v. *Burns,* 139 Cal.App. 747 [35 P.2d 142] ; see Rest., Restitution, § 157.) As an offset, defendant James may be entitled to credits for the amount, if any, which she paid plaintiff or expended for the benefit of the property. (Civ. Code, § 1692, 4th par.; *Security Trust & Sav. Bank* v. *Southern Pac. R.R. Co.,* 214 Cal. 81, 88 [3 P.2d 1015] ; see *Gatje* v. *Armstrong,* 145 Cal. 370, 374 [78 P. 872] ; Rest.. Restitution. §§ 158, 159.)

Defendants rely upon cases which state generally that rescission and damages are alternative and inconsistent remedies. That rule is simply a way of pointing out that a defrauded party who rescinds the transaction and recovers what he gave up is in a different position from a party who elects to affirm the transaction and collect damages for the deceit practiced upon him. But there is nothing inherently inconsistent

---

[1]This conclusion of law, together with the above quoted finding of fact, is a valuable aid to the just disposition of the cause. Knowing the legal basis of the trial court's decision, the appellate court may then afford the parties a meaningful review, and if it disagrees with the trial court's interpretation of the law, direct an appropriate correction of the judgment.

between recovery of specific property and an additional recovery of money to compensate for the loss of use while the property was in the hands of the wrongdoer.

Furthermore, the 1961 enactment of Civil Code section 1692 makes clear the policy of this state to give full relief in a case of rescission, unimpeded by any technical distinction between restitution and damages. The third paragraph of that section provides: ''A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery.''

With respect to exemplary damages, Civil Code section 3294 provides: ''In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.''

In the case at bench the defendant James was under a duty imposed by law (i.e., a noncontractual obligation) to restore the property she had obtained by fraud. She was thus subject to exemplary damages, in the discretion of the trial court. Plaintiff sustained actual damage in the transaction; and the fact that the plaintiff's recovery was in the form of specific restitution, rather than monetary damages, does not necessarily preclude an award of exemplary damages. (*Topanga Corp.* v. *Gentile,* 249 Cal.App.2d 681, 691 [58 Cal. Rptr. 713].)

Exemplary damages are not a matter of right, but are awarded or withheld in the discretion of the trier of the facts. (*Brewer* v. *Second Baptist Church,* 32 Cal.2d 791, 800 [197 P.2d 713].) Upon this record this reviewing court is unable to determine whether the trial court declined to award exemplary damages because of an erroneous belief that no monetary award could be considered, or whether it refused to make the award in the exercise of its judicial discretion.

Since the judgment against the defendant James is based in part upon an error of law, and there must be further proceedings with respect to her, the trial court may, at the same time, determine whether or not exemplary damages should be awarded against her. There is no need to retry any other issue.

It does not appear that the defendant Crete Dye had the possession of plaintiff's property. Hence plaintiff is not entitled to any recovery for such use against her. Since plaintiff has failed to point out any error appearing in the record on appeal with respect to the defendant Dye, the latter is entitled to an affirmance.

With respect to the defendant James the judgment is reversed in part for the purpose of determining (1) the amount, if any, that plaintiff may be entitled to recover from defendant James for loss of use of the property, after giving due consideration to any offsets which justice may require, and (2) the amount of exemplary damages, if any, to be awarded against said defendant.

In all other respects the judgment is affirmed. Appellant will recover costs against respondent James, and respondent Dye will recover costs against appellant.

Jefferson, J., and Kingsley, J., concurred.