[Civ. No. 24760.   First Dist., Div. Three.   Nov. 22, 1968.]

HAROLD L. MAHON et al., Plaintiffs and Respondents, v.
R. H. BERG et al., Defendants and Appellants.

Spurr, Brunner & Nelson and W. H. Brunner for Defend-
ants and Appellants.

James F. Kemp for Plaintiffs and Respondents.

DRAPER, P. J.—The trial court found that defendants
fraudulently induced plaintiffs to enter into an agreement for
exchange of real property by gross overstatement of the
income of the motel offered by defendants and by concealment
of the existence of a deed of trust upon that property. This
deed of trust, executed in favor of defendant husband's
brother 10 weeks before signature of the exchange agreement,
was not recorded until close of escrow, at a time carefully
contrived to precede recordation of defendants' deed to plain-
tiffs. Judgment directed rescission of the exchange agreement,
cancellation of plaintiffs' note to defendants, and reconvey-
ance to plaintiffs of the land originally owned by them. It also

awarded compensatory damages of $3,100 and exemplary damages of $3,500. Defendants appeal, attacking only the award of punitive damages.

Exemplary damages may be awarded only in an action "not arising from contract" (Civ. Code, § 3294). They are not allowable in an action for breach of contract, even though the breach be "wilful" (*Chelini* v. *Nieri* (1948) 32 Cal.2d 480, 487 [196 P.2d 915]). An action on the common counts for money had and received has been held to be "based on a breach of contract," thus barring exemplary damages (*Crogan* v. *Metz* (1956) 47 Cal.2d 398, 404-405 [303 P.2d 1029]). Appellants contend that the effect of *Crogan* is to bar exemplary damages in any action in "quasi-contract."

A later case (*Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742-743 [336 P.2d 534]) demonstrates that this conclusion is overly broad. There a real estate broker fraudulently purported to act for a named seller, but in fact used buyer's funds to purchase for himself and resell to the buyer at a higher price. The buyer was allowed recovery on the basis that the broker was an involuntary trustee of the amount of his secret profit. This remedy was expressly termed quasi-contractual, but award of exemplary damages was sustained.

In *Ward*, the court states that "[t]he word 'contract' is used . . . (section 3294) in its ordinary sense to mean an agreement between the parties, not an obligation imposed by law despite the absence of any such agreement." (P. 743.) In an action upon such an obligation defendant's "fraud is not waived, for it is the very foundation of the implied-in-law promise to disgorge" (*Id.* p. 743; *Austin* v. *Duggan,* 162 Cal.App.2d 580 [328 P.2d 224]; see *Southern Cal. Disinfecting Co.* v. *Lomkin,* 183 Cal.App.2d 431 [7 Cal.Rptr. 43]; *Berning* v. *Colodny & Colodny,* 103 Cal.App. 188 [284 P. 496]).

The obligation upon which recovery is here allowed similarly is one "not arising from contract" within the meaning of section 3294. It is true that in *Ward* the parties had never consummated a contract. But here the pleadings, trial, findings and judgment made clear the remedy sought by respondents was rescission of their contract with appellants. Far from waiving the fraud and suing upon the contract, respondents sought a determination that the agreement had never been binding upon them because of appellants' fraud in its inducement. Respondents pointed to the contract only to assert its invalidity. Judicial determination of its rescission af-

forded no right under the contract but, as in *Ward,* remitted respondents to their remedy under appellants' "implied-in-law promise to disgorge" the benefits realized by them through their fraudulent inducement of the unenforceable agreement. The action arose from contract only in the remote sense that if respondents had never executed the agreement there would have been nothing to rescind and no ill-gotten gains to be returned. The remedy sought and granted turned wholly upon fraud, and referred to the contract only as the objective achieved by that fraud.

Here, as in *Ward,* some deterrent to fraud is equitable and reasonable. It is not afforded if the wrongdoer risks only the fruits of his fraud. The broad equity powers invoked in an action for rescission because of fraud should afford such a remedy. The holding of a recent decision (*Brockway* v. *Heilman,* 250 Cal.App.2d 807 [58 Cal.Rptr. 772]) is not inconsistent with this view. The hypothetical situation there posed (at p. 812) is dictum and, in any event, assumes facts and a form of action unlike those before us.

Appellants attempt to argue that the 1961 revisions of the code sections dealing with rescission (amending Civ. Code §§ 1688-1692 and repealing Civ. Code, §§ 3406, 3408) in some way remove the right to exemplary damages upon rescission. But no such intent is revealed in the report to the Legislature which initiated the revision (1961 Report, Cal.Law Revision Com., pp. D-5-35). Moreover, one of the amended sections provides that the party rescinding may seek restitution and "any other relief to which he may be entitled under the circumstances" and that "[t]he aggrieved party shall be awarded complete relief." (Civ. Code, § 1692.)

Judgment affirmed.

Salsman, J., and Brown (H.C.), J., concurred.