**Dr. Glenn ABERNATHY et al., Appellants,**

v.

**George P. CHAMBERS, Jr., et al., Appellees.**

Supreme Court of Tennessee.

May 15, 1972.

Rehearing Denied July 17, 1972.

James A. Hopper, Savannah, for appellants.

John R. Moss, Jackson, Lloyd Tatum, Henderson, for appellees.

OPINION

CRESON, Justice.

The record in the instant case is a suit instituted by appellants in the Chancery

Court of McNairy County to remove a cloud on title to certain realty in Hardin and McNairy Counties. From a final decree of the court below dismissing appellant's suit, an appeal has seasonably been perfected to this Court since the Chancellor heard the suit on the pleadings and stipulations of the parties.

In this opinion the parties will be referred to as they appeared in the trial court; that is, Dr. Glenn Abernathy, E. L. Hagy, Mayme Chambers Dillard, R. C. Chambers, Nannie V. Chambers Scott, Frank M. Hagy, Ernest E. Hagy, Everett E. Hagy, Sam Chambers Hagy, James Elmo Gowdy, Dr. William M. Chambers, Jr., and Harry K. Chambers, as complainants; and George P. Chambers, Jr., Virginia Chambers, Inez Chambers, Ora Cantrell Maxedon, Beatrice Cantrell Owen, Annie Mae Chambers Caldwell, Mayme Chambers Harrell, Sam Chambers, Murry Chambers, and Virgil Hampton, as defendants.

The record reflects that G. L. Chambers and his wife, Mai Cantrell Chambers, were residents of Alcorn County, Mississippi. On April 28, 1930, G. L. and Mai Chambers executed a joint will. After providing for a bequest of $1,000.00 to defendant Virgil Hampton, the will provided that "all the rest, residue and remainder of our, or each of our property, real, personal, or mixed, and wheresoever situated, is hereby devised and bequeathed to the survivor of us, for the term of the natural life of such survivor of us." Upon the death of the survivor the joint will provides that the estate of the survivor shall be divided in half with one-half passing to the three sisters of Mai Chambers and the other half to certain named relatives of G. L. Chambers.

On April 14, 1936, G. L. Chambers died. Mai Chambers, as Executrix of the Estate of G. L. Chambers, offered the will executed on April 28, 1930, for probate. It was admitted to probate in common form on April 18, 1936, by the Chancery Court of Alcorn County, Mississippi. A certified copy of the joint will was registered in Hardin and McNairy Counties.

On August 11, 1936 Mai Chambers executed a warranty deed purporting to convey to H. S. Fisher the fee simple title to a certain parcel of land in McNairy County, Tennessee. In 1940 Fisher learned for the first time that Mai Chambers could not convey a fee simple interest in the property.

After being informed of the deficiency of title, Mrs. Chambers discovered another will of G. L. Chambers. This second will, which was executed on August 30, 1930, and which shall be designated as the poem will, provides as follows:

"All my earthly goods I have in store
I leave to my dear wife forevermore.
I freely give, no limit do I fix,
this is my will, she is the Executrix.

This August 30, 1930.

/s/ G. L. Chambers

Witness:

/s/ Virgil Hampton

/s/ Mrs. Inez Chambers"

On April 14, 1941, Mai Chambers filed a petition in the Chancery Court of Alcorn County, Mississippi, to set aside the probate of the first will and have the poem will probated in solemn form as the last will and testament of G. L. Chambers. All of the beneficiaries under the first will or their heirs at law were notified of the pendency of this petition and were made defendants to this proceeding. On May 31, 1941, a decree was entered vacating the probate of the original will and admitting the poem will to probate. A certified copy of the poem will was registered in McNairy and Hardin Counties.

On July 24, 1967, Mai Chambers conveyed the fee to certain tracts of land in McNairy and Hardin Counties to defendant George P. Chambers, Jr., reserving a life estate for herself. This conveyance

was properly recorded. On June 12, 1968 Mai Chambers died.

On August 14, 1969, this suit was instituted by complainants in the Chancery Court of McNairy County to remove a cloud on title. Complainants are beneficiaries or heirs at law of the beneficiaries of the remainder interest under the original will. In their original bill complainants allege that they were given a remainder interest in certain lands in McNairy and Hardin Counties by the will of G. L. Chambers which was executed on April 28, 1930; that on April 18, 1936, this will was admitted to probate by the Chancery Court of Alcorn County, Mississippi; that on May 31, 1941, the Chancery Court of Alcorn County vacated the probate of the original will of G. L. Chambers and admitted to probate a second will; that the Chancery Court of Alcorn County, Mississippi, was "without authority to set aside the first and joint will, because of the Statute of Limitations as set out within Section 1609, Mississippi Code, 1930, and is carried forward in Section 505 of the Mississippi Code of 1942"; that on July 24, 1967, Mai Chambers conveyed to George P. Chambers, Jr. certain lands in McNairy and Hardin Counties, reserving a life estate to herself; and that the deed "from the said Mai Chambers to the said George P. Chambers, Jr. is a cloud on the title to the land that was devised to them by said . . . will of the said G. L. Chambers."

Defendants George P. Chambers, Jr. and Virginia Chambers filed an answer to the original bill. Virginia Chambers is the wife of defendant George P. Chambers, Jr. In their answer they deny that the Chancery Court of Alcorn County, Mississippi, was without authority to set aside the probate of the original will and admit the poem will to probate. Defendants George P. Chambers, Jr. and Virginia Chambers aver that in this proceeding complainants seek to contest the validity of the Last Will and Testament of G. L. Chambers, probated by decree on May 31, 1941, and that this cause of action is barred by the Tennessee and Mississippi statutes of limitation. These defendants further state that complainants "are guilty of laches and are estopped . . . to assert their claim."

Defendants Inez Chambers, Ora Cantrell Maxedon, and Beatrice Cantrell Owen filed an answer in which they admitted the truth of the averments in the original bill and joined in the prayer for relief.

The remaining defendants failed to file an answer. An order pro confesso was entered against them.

The instant suit was heard on August 23, 1971. The Chancellor was of the opinion that "the issues presented to the Court have heretofore been presented to the Chancery Court of Alcorn County, Mississippi"; that complainants were parties to that litigation; and that the Mississippi decree of May 31, 1941, "sustaining the probate of the second will of testator, G. L. Chambers, was fully decided and constituted res adjudicata." The Chancellor further found (1) that the statute of limitations of both Mississippi and Tennessee bar complainants' suit and (2) that complainants are guilty of laches and are estopped to assert their claim. Complainants' bill was dismissed.

From the adverse ruling complainants have seasonably perfected an appeal to this Court. Complainants have filed numerous assignments of error assailing the findings of the Chancellor.

Under the first assignment of error complainants assert the Chancellor erred in determining that the 1941 Mississippi decree admitting the poem will to probate was res judicata between the parties as to the issues presented in the instant suit. Complainants contend that the decree of the Mississippi Probate Court is void for the reason that the Chancery Court of Alcorn County, Mississippi lacked jurisdiction over the subject matter. This assertion by complainants is premised on Section 505 of the Mississippi Code of 1942 which provides, in part, as follows:

"Any person interested may, at any time within two years, by petition or bill, con-

test the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not; but if some person do not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities . . . ."

It is apparent that complainants' assertion that they are the owners of the property is based on the remainder interest devised to them under the first will of G. L. Chambers. During oral argument before this Court counsel for complainants conceded that Mai Chambers could convey a fee simple interest to the lands in question under the poem will if it had properly been admitted to probate. Complainants assert that the judgment of the Mississippi Court admitting the poem will to probate is void and that only the original will of G. L. Chambers can be given effect.

The record in the instant case clearly reflects that complainants or their ancestors with whom complainants are in privity were parties to the 1941 proceeding admitting the poem will to probate. Furthermore, complainants do not raise any question of notice of the solemn form probate proceedings. Complainants only attack the validity of the 1941 judgment on the ground that the Chancery Court of Alcorn County, Mississippi lacked jurisdiction over the subject matter of the proceeding.

■■■ We have carefully examined complainants' contention and have found it to be without merit. It is fundamental that Article IV, Section 1 of the Federal *Constitution requires us to give full faith* and credit to the 1941 Mississippi decree admitting the poem will to probate. Jacobs v. Willis' Heirs (1922) 147 Tenn. 539, 249 S.W. 815. As was pointed out in the more recent case of Durfee v. Duke (1963) 375

U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186, full faith and credit requires us to give res judicata effect to a decree which it is accorded by the State that renders it. It is not disputed that the solemn form probate decree would bar a subsequent action by complainants in the Mississippi courts attacking the propriety of admitting the poem to probate. Full faith and credit prohibits any relitigation of that question in Tennessee.

■■■ In determining whether or not a judgment of a sister state is entitled to full faith and credit we are at liberty to inquire into the jurisdiction of the court rendering the judgment. Brown v. Fletcher's Estate (1908) 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966. However, the rule is established "that a judgment is entitled to full faith and credit—even as to questions of jurisdiction —when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee v. Duke, supra.

The record in the instant case convinces us that the Mississippi probate court considered and determined that it had jurisdiction to vacate the probate of the original will and admit the poem will to probate in solemn form. This determination, having been made by the Mississippi Court, must be given effect under Article IV, Section 1 of the Federal Constitution.

It results that all assignments of error are overruled and the decree of the Chancellor is affirmed. Costs of this appeal are taxed to complainants.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.

OPINION ON PETITION TO REHEAR

CRESON, Justice.

■■■ Complainants have filed a petition to rehear. It is fundamental that the

"purpose of a petition to rehear is not to re-argue the case on points already considered by the Court; but rather, to call to the Court's attention some new and decisive authority which it overlooked." Knox County v. Moncier (1970) 224 Tenn. 361, 455 S.W.2d 153. Complainants have advanced no new authority, nor have they pointed to any material matters overlooked by this Court in its original opinion. Accordingly, the petition to rehear is denied.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.