**Samuel DATTELL and Waldat Real Estate Company, Inc.**

v.

**George M. TIDWELL, Commissioner of Revenue, State of Tennessee.**

Supreme Court of Tennessee.

July 15, 1974.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., for appellant.

Theodore E. Carver, Thomas, Halliburton & Ballin, Memphis, for appellees.

OPINION

McCANLESS, Judge.

This is a suit by a corporation and by one claiming to own all its property to recover $20,748.60, together with interest on that amount, paid under protest to satisfy an assessment by the Commissioner of Revenue of the privilege tax on net earnings, known as the Excise Tax and imposed on corporations engaged in business in Tennessee. This tax is based on the net earnings of corporations and is levied under the authority of Title 67, Chapter 27, Tennessee Code Annotated.

The Circuit Court entered its judgment for the plaintiffs and against the Commissioner for the amount of the claim, together with interest thereon from the date of the judgment. The Commissioner prayed and was granted an appeal but failed to perfect the appeal within the time allowed. He now seeks by a petition for a writ of error to have us reverse the judgment of the trial court, relying upon the technical record in support of his insistence that the judgment of the Circuit Court is erroneous.

The following language appears in the complaint:

"That the Charter for Waldat Real Estate Company, Inc. was issued by the

Secretary of State on December 23, 1952; that the corporation commenced to do business on or about January 1, 1953; that the corporation was dissolved by liquidating Resolution of the Stockholders and Directors on June 3, 1968; and that an application to Surrender the Charter was made to the Secretary of State on November 20, 1970, and acknowledged on November 27, 1970.

"That from its inception, Waldat Real Estate Company, Inc. had two stockholders, viz., Samuel Dattel and Milton Angel. That on March 28, 1968, Samuel Dattel contracted to purchase the fifty percent stock interest of Milton Angel, thereby becoming sole stockholder. Samuel Dattel then commenced to formulate plans to liquidate the corporation and to take the property at 475–505 South Perkins as a liquidating dividend pursuant to applicable United States Internal Revenue service rules and regulations. On or about May 30, 1968, Samuel Dattel entered into a Sale and Leaseback Agreement contract with Connecticut Mutual Life Insurance Company, said contract providing for a closing date on or before January 2, 1969. On June 3, 1968, Waldat Real Estate Company, Inc. was liquidated and all of its assets were distributed to Samuel Dattel, pursuant to Resolution of the stockholders and directors. Therefore, as of June 3, 1968, Samuel Dattel was the equitable owner for the property at 475–505 South Perkins, Memphis, Tennessee, but the legal title was still in the name of Waldat Real Estate Company, Inc. On June 4, 1968, Samuel Dattel completed the Sale and Leaseback contract with Connecticut Mutual Life Insurance Company. At such time, Samuel Dattel, as the equitable owner of the subject property directed Waldat Real Estate Company, Inc. to deliver its Deed for the subject property to Connecticut Mutual Life Insurance Company for and on behalf of Samuel Dattel. The entire proceeds from the sale were the property of Samuel Dattel and treated by such by all concerned."

The Commissioner argues that the profit resulting from the transaction of June 4, 1968, was corporate profit and properly a part of the company's excise tax base. He insists that the corporation was engaged in business on June 4, 1968, since it did not file an application to the Secretary of State to surrender its charter until November 20, 1970.

The plaintiffs contend that under the averments of the complaint Samuel Dattel had been the equitable owner on June 4, 1968, of the real estate which was the subject of the transaction of that date and that the proceeds were his property. The plaintiffs argue that the corporation received no earnings from the transaction upon which the excise tax could be based.

■ Since the Commissioner filed no bill of exceptions "we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorable to appellee." Wilson v. Hafley, 189 Tenn. 598, 226 S.W.2d 308 [1950].

The plaintiffs have alleged that "as of June 3, 1968, Samuel Dattel was the equitable owner for (sic.) the property at 475–505 South Perkins, Memphis, Tennessee, but the legal title was still in the name of Waldat Real Estate Company, Inc. . . . . The entire proceeds from the sale were the property of Samuel Dattel and treated as such by all concerned."

■ We conclusively presume, as we must, that these allegations were found by the trial court in the plaintiffs' favor. Wilson v. Hafley, supra. It follows, necessarily, that since the proceeds of the sale belonged to Samuel Dattel, no net earnings accrued to the corporate plaintiff; further there was no basis for the Commissioner's assessment against it.

We affirm the judgment of the Circuit Court.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.