INLAND CONTAINER CORPORATION,
Petitioner,

v.

Emma A. MARCH, Respondent.

Supreme Court of Tennessee.

Sept. 29, 1975.

Rehearing Denied Nov. 10, 1975.

John Lee Williams, Porch, Peeler & Williams, Waverly, for petitioner.

Mark H. Collier, Waverly, for respondent.

OPINION

HENRY, Justice.

The sole question before the Court for determination is the correctness of a jury award of punitive damages, approved by the trial judge and upheld by the Court of Appeals.

I.

Plaintiff-respondent is the owner of a 50 acre tract of unimproved real estate located in Humphreys County. To all intents and purposes, it is surrounded by a 1900 acre tract upon which the Petitioner, Inland Container Corporation, was cutting timber. The smaller tract is virtually inaccessible, except by jeep or similar vehicle; has no internal road; is only partially under fence; and its boundaries are not well defined. It was acquired by the owner partially by quitclaim deed and the description is insufficient to identify the perimeters. There were some old hacks or blaze marks, but they had been partially obscured by the passage of time. The land was idle and unproductive and its principal present value lies in the timber.

It is admitted that petitioner's workmen encroached upon respondent's property and cut and removed the timber from some five and one half acres.

The record establishes that there was some damage to a portion of the remainder of plaintiff's property, and supports the charge in the complaint that "no effort was made on the part of said defendants to orderly pile tree-tops and other refuse remaining, including limbs, butts, furls, snarls and curls". Additionally petitioner did some grading of an old roadway preparatory to hauling the felled timber. The record leaves no doubt but that this operation was conducted in a conspicuously sloppy manner and to the detriment of this small landowner.

It is equally clear from the record, however, that the invasion by Inland Container was innocent and inadvertent, and occurred because of ill-defined and poorly marked boundaries of a wooded tract of timber land in a remote and inaccessible area.

## II.

The complaint reflects that the complainant sued for compensatory damages (both general and special) and for punitive damages. In addition to suing for the value of the timber removed, she sought to recover for the damage done to her remaining property. She specifically sued for special damages, and, in a separate paragraph for punitive damages.

The trial judge charged on all elements of damage. With respect to special damages, he charged:

In other words the fair market value of the trees at the time they were cut, standing on the land in the woods, *plus any special damage to the value of the land*, caused by the removal of the trees, if that appears from the proof in this case.

\* \* \* \* \* \*

So, if then under the definition of negligence you find that the *damage sustained by the plaintiff to the land* was the direct and proximate cause of this negligence of the defendant through its agents and servants while they were on the land cutting timber, then the defendant would be liable *for* this.

\* \* \* \* \* \*

As to the damages to the land *which would be included in that amount* you would determine that, if any, and award to the plaintiff an amount as damages to the land . . . (emphasis supplied)

Additionally there was a full and correct charge on punitive damages.

The jury was clearly and fully instructed on damages and was told to bring in separate verdicts for punitive and compensatory damages. In response to these instructions the jury foreman reported the verdict as follows:

We decided in favor of the Plaintiff and award her damages of $2,500.00, and punitive damages of $5,000.00; total of $7,500.00.

The judgment followed the verdict.

■ There is no escape from the conclusion that the jury's award of $2,500.00 compensatory damages was intended to cover all general and special damages. These are constituent elements of compensatory damages which are awarded *to make the plaintiff whole* or to compensate him for the loss he has sustained because of the wrongful conduct of the defendant.

In Caruthers, History of a Lawsuit, Eighth Edition (1963) at Section 155, the distinction between general and special damages is made thusly:

General damages are such as *naturally and necessarily* result from the wrong of injury complained of, while special damages are such as *naturally but not necessarily* result from the wrong or injury complained of.

See also *Burson v. Cox*, 65 Tenn. 360 (1873).

■ Punitive damages are allowed under Tennessee law and are given in excess of

compensatory damages and in addition thereto. They are awarded in cases involving fraud, malice, gross negligence or oppression, *Knoxville Traction Co. v. Lane,* 103 Tenn. 376, 53 S.W. 557 (1899); or where a wrongful act is done with a bad motive or so recklessly as to imply a disregard of social obligations, *Stepp v. Black,* 14 Tenn. App. 153 (1931); or where there is such willful misconduct or entire want of care as to raise a presumption of conscious indifference to consequences. *Honaker v. Leonard,* 325 F.Supp. 212 (E.D.Tenn.1971).

We find nothing in this record to indicate the presence of any of the essential ingredients to an award of punitive damages. Special damages, of which there is ample proof in the record, may not be equated with punitive damages. *Railroad v. Ray,* 101 Tenn. 1, 46 S.W. 554 (1898). With utmost deference to the Court of Appeals and to the trial judge, we think that they confused special and punitive damages. Punitive damages relate to the causation; special damages relate to the result. Here we are clearly dealing with special damages.

The action of the Court of Appeals is reversed and the costs of this appeal are taxed against the respondent.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.