Wilma WHITTINGTON, Petitioner,

v.

GRAND VALLEY LAKES, INC., Respondent.

Supreme Court of Tennessee.

April 25, 1977.

H. Morris Denton, Denton & Cary, Bolivar, for petitioner.

Dewey C. Whitenton, Bolivar, for respondent.

## OPINION

HENRY, Justice.

This is an action for trespass upon land wherein the jury returned a verdict for $1,500.00 compensatory and $2,500.00 punitive damages. The Court of Appeals held that the proof did not support an award of compensatory or punitive damages and remanded for the assessment of nominal damages. Essentially the question before us is the sufficiency of the evidence relating to compensatory damages, a necessary predicate for punitive damages.

### I.

In March, 1973, petitioner purchased an unimproved lot in respondent's 4,500 lot subdivision located in Hardeman County for $3,500.00. During the fall of 1974 she visited her property and discovered that topsoil was being removed therefrom. She protested and made every reasonable effort to cause a discontinuance of this trespass upon, and damage to her property. While the proof is in dispute, there is ample material evidence that notwithstanding her protestations, the respondent continued to remove topsoil to a depth up to two feet.

The respondent admits the trespass but insists that it was unintentional and without knowledge of petitioner's ownership. After all damage had been done, respondent spent $600.00 to $700.00 in restoring the topsoil, grading the lot and sowing it down in grass.

The Court of Appeals held that there was "no material evidence in the record from which the amount of actual damages could have been found or reasonably inferred", and that because "[t]here [was] no evidence upon which actual damages could have been found, punitive or exemplary damages are not permitted." The Court remanded for the assessment of nominal damages.

We do not agree that there was no material evidence of actual damages, except in a narrow and restricted technical sense. There was undisputed evidence of a trespass. Moreover, it was not just a naked invasion of the property rights of the owner; there was a removal of a portion of the property—the topsoil. It is true that no witness testified to dollar amounts of "before and after" damages; however, the proof is undisputed that there was a trespass, a taking and removal of topsoil to the extent that it required $600.00 to $700.00 to restore the property to its former condition. This is clear, competent and convincing proof of damages, to the extent of these dollar amounts. And this is true even though the cost and expense of restoration were defrayed by the wrongdoer.

Under these circumstances the jury verdict of $1,500.00 compensatory damages may not stand. All the actual damages this property owner suffered have already been paid by the services rendered in restoration of the lot to its original condition.

## II.

■ This leaves for our consideration the matter of punitive damages, as affected by the general rule in this jurisdiction that actual or compensatory damages must be found as a predicate for the recovery of punitive damages. This rule was first fully developed in Tennessee in the landmark case of *Allen, et al., v. Melton*, 20 Tenn.App. 387, 99 S.W.2d 219 (1936), wherein the late Judge Faw, with characteristic clarity, discussed the matter in some detail, citing numerous authorities and cases.

This general rule was followed in *Liberty Mutual Ins. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963), wherein the Court held that to sustain an award of punitive damages, actual damages must have been *awarded.*

In *Lazenby v. Universal Underwriters Insurance Co.*, 214 Tenn. 639, 383 S.W.2d 1 (1964) the Court held that punitive damages are allowed only after an *award* of compensatory damages.

*Lazenby* was followed by the Sixth Circuit, applying Tennessee law, in *Dill v. Greyhound Corporation*, 435 F.2d 231 (6th Cir. 1970).

The courts of Tennessee appear to follow the majority rule although a small number of jurisdictions allow punitive damages as an independent basis of recovery, and a number of states have held that the plaintiff must have received injuries entitling him to compensation, although no actual award of compensatory damages were made. A substantial number of jurisdictions recognize nominal damages as a proper predicate. See Annotation, 17 A.L.R.2d 527, actual damages as a necessary predicate of punitive damages.

The underlying consideration seems to be that there must be some actual loss supported by proof. We do not at this time and in this case feel any need to alter, erode or modify prior Tennessee case law. Here, actual damages were clearly demonstrated. In effect, Grand Valley Lakes, Inc. recognized its liability and pre-paid it by the expenditure of time, effort and money in restoration. This is sufficient to remove this case from the application of the general rule. Surely, had Grand Valley Lakes not made the restoration and the landowner had restored at her own expense, there would be a predicate of actual damages and an award of punitive damages would be soundly based. In legal effect, we see no difference.

We hold that there was a proper predicate under the facts of this case for an award of punitive damages.

## III.

■ There is proof in the record from which the jury might have found, as it obviously did, that Grand Valley Lakes ran rough-shod over rights of this landowner— that its acts were in knowing, wilful and deliberate disregard of her property rights and that Grand Valley should therefore pay punitive damages.

It is established law that an award of punitive damages lies within the discretion of the trier of facts. *Bryson v. Bramlett*, 204 Tenn. 347, 321 S.W.2d 555 (1958); *Lichter v. Fulcher*, 22 Tenn.App. 670, 125 S.W.2d 501 (1938). See also *Hilliard v. Williams*, 516 F.2d 1344 (6th Cir. 1975). The jury did not abuse its discretion in this case.

We therefore affirm the award of punitive damages.

The judgment of the Court of Appeals is Reversed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.