IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# BARBARA WHITEAKER v. CITY OF COOKEVILLE

**Direct Appeal from the Circuit Court for Putnam County**
**No. NJ--6245     John A. Turnbull, Judge**

---

**No. M1999-00732-COA-R3-CV - Decided June 29, 2000**

---

The Circuit Court of Putnam County dismissed the plaintiff's slip and fall action after finding that a sidewalk maintained by the City of Cookeville was not defective, and that in any case, the plaintiff was sixty-five percent at fault. The plaintiff urges us to find that the evidence preponderates against these findings. We reject the plaintiff's contention and affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ joined.

Chantal M. Eldridge, Cookeville, Tennessee, for the appellant, Barbara Whiteaker.

Daniel H. Rader III, Cookeville, Tennessee, for the appellee, City of Cookeville.


**MEMORANDUM OPINION**[1]


        The plaintiff was entering the Cookeville City Hall to pay her water bill when she tripped and fell on the sidewalk. She testified that the sidewalk had a "roll," or a "rise" between two different sections. It is apparent from the photographs that there is a joint in the sidewalk that she had to step over, and there is apparently a small difference in elevation between the two sections separated by the joint.

---

[1]Rule 10 of the Rules of the Court of Appeals reads as follows:
        The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Although it is difficult to tell from the plaintiff's testimony exactly what tripped her, it appears that the "roll" she refers to is a bevel that bridges the gap between the two sections of the sidewalk. She apparently stubbed her toe on the beveled edge and fell.

After a full hearing, including a view of the site by the trial judge,[2] the judge held that the condition of the sidewalk was not "dangerous or defective," *see* Tenn. Code Ann. § 29-20-203, and that, even if it was, the plaintiff was more than fifty percent at fault.

We concur in the trial judge's findings and conclusions. Even if the slight variation in the elevation between the two sections of the sidewalk could be considered a danger to the public, the plaintiff testified that she was looking right at the joint and had stepped over it with her left foot. She saw the roughness in the concrete, but she tripped on it anyway. The evidence does not preponderate against the trial judge's finding that the plaintiff was at least sixty-five percent at fault.

The judgment of the trial court is affirmed, and the cause is remanded to the Circuit Court for Putnam County for any further proceedings necessary. Tax the costs on appeal to the appellant, Barbara Whiteaker.

---

[2]When the trial judge views the scene of an accident and there is no record of what he/she saw, the appellant runs the risk of having the appellate court hold that the transcript cannot be considered because it does not contain all the evidence. *See Hutchinson v. Pyburn*, 567 S.W.2d 762 (Tenn. Ct. App. 1977); *Johnson v. Johnson*, 206 S.W.2d 400 (Tenn. 1947).