John W. EMERSON,
Plaintiff-Appellant,

v.

Riley C. GARNER, Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 4, 1987.

Permission to Appeal Denied by
Supreme Court June 15, 1987.

James F. Schaeffer, Jr. and Erich Merrill, Memphis, for plaintiff-appellant.

J. Minor Tait, Jr., Asst. Shelby Co. Atty., Memphis, for defendant-appellee.

BROOKS McLEMORE, Special Judge.

This is a defamation case. The defendant, Riley C. Garner, is the Shelby County Trustee. The plaintiff is the former assistant trustee and general office manager of the Office of County Trustee who the trial court held to be a private citizen and not a public officer or public figure. The case was tried to a jury which rendered a general verdict awarding the plaintiff "the amount of ten thousand dollars punitive damages only." After such verdict, in response to questions put to the jury by the trial judge, the jury specifically found (1) that the defendant spoke the words that the plaintiff had been sexually harassing female employees, (2) that the plaintiff had not, in fact, been sexually harassing female employees, (3) that the plaintiff didn't prove actual damages, and (4) that the statement was made with malice, either knowing it was not true or with total disregard or reckless disregard for whether it was true.

The trial court granted the defendant's motion for Judgment Notwithstanding the Verdict and entered Order setting aside the jury verdict and entering judgment for the defendant for the reason that the jury awarded the plaintiff punitive damages only, after finding that he had suffered no actual damages.

The plaintiff has appealed. We affirm.

The plaintiff presents four issues for review which we summarize as follows: (1) It was error to hold that a punitive damage award cannot stand without an award of actual damages, (2) it was error to suppress certain portions of a newspaper article, and (3) it was error to refuse to instruct the jury as to negligent defamation.

With respect to issue number one, plaintiff's argument is two-fold, i.e., (1) that Tennessee follows the rule that punitive damages can be awarded absent an award of actual damages; and (2) that Tennessee follows the rule that actual damages are presumed when the words printed or spoken are actionable *per se.*

■ Normally in tort law there must be some injury resulting in nominal damages at least before punitive damages can be assessed. This question is discussed in 25 C.J.S. Damages, Sec. 118, p. 1124, as follows:

> "In general, where there is a finding that no actual damages have been sustained or suffered, exemplary damages cannot be awarded."

It was made clear that Tennessee followed this rule in the case of *Allen v. Melton,* 20 Tenn.App. 387, 99 S.W.2d 219 (1936). There this Court said:

> "In Tennessee, and in a large majority of the other states of the Union, exemplary, or punitive damages, as a warning to other wrongdoers and as a punishment to the defendant, may be recovered *in addition to compensatory damages.* (Emphasis added by court.) (Citations omitted.)
>
> .    .    .    .    .    .
>
> But 'actual damage must be found as a predicate for the recovery of exemplary damages.' Sutherland on Damages (3d Ed.) vol. 2, § 406, p. 1129.
>
> 'It is held in most jurisdictions that if the Plaintiff has suffered no actual loss, he cannot maintain an action merely to recover exemplary damages. A Plaintiff has no right, the courts say, to maintain an action merely to inflict punishment; exemplary damages are in no case a right of the Plaintiff and cannot, therefore, become a cause of action.' (Citations omitted.)
>
> 'It is well settled that where the damage to the Plaintiff is merely nominal, that is, where a right is invaded, and there is no evidence of actual damage, there is no foundation upon which exemplary damages can attach or rest.' (Citations omitted.)
>
> The principle that 'actual damage must be found as a predicate for the recovery of exemplary damages' was recognized as sound by this court in Stepp v. Black, 14 Tenn.App. 153, 166 ..."

99 S.W.2d at 225.

The Court then quoted with approval the following statement from *Smith v. Dye* (Tex.Civ.App.) 51 S.W. 858:

> "It is well settled by numerous cases in this state upon the subject that there must be some finding of actual damages, in order to support a judgment for exemplary damages. It is true, in this case the jury did return a verdict for actual damages, which, if it had not been remitted, would have supported the judgment for exemplary damages; but before the judgment was entered the appellee remitted his actual damages, the effect of which was to deprive the court of the power to render judgment for the exemplary damages...."

The late Mr. Justice Henry writing for our Supreme Court on the question said in the case of *Whittington v. Grand Valley Lakes, Inc.,* 547 S.W.2d 241 (Tenn.1977) said:

> This leaves for our consideration the matter of punitive damages, as affected by the general rule in this jurisdiction that actual or compensatory damages must be found as a predicate for the

recovery of punitive damages. This rule was first fully developed in Tennessee in the landmark case of *Allen, et al., v. Melton*, 20 Tenn.App. 387, 99 S.W.2d 219 (1936), wherein the late Judge Faw, with characteristic clarity, discussed the matter in some detail, citing numerous authorities and cases.

This general rule was followed in *Liberty Mutual Ins. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963), wherein the Court held that to sustain an award of punitive damages, actual damages must have been awarded.

In *Lazenby v. Universal Underwriters Insurance Co.*, 214 Tenn. 639, 383 S.W.2d 1 (1964) the Court held that punitive damages are allowed only after an award of compensatory damages.

*Lazenby* was followed by the Sixth Circuit, applying Tennessee law, in *Dill v. Greyhound Corporation*, 435 F.2d 231 (6th Cir.1970).

The courts of Tennessee appear to follow the majority rule although a small number of jurisdictions allow punitive damages as an independent basis of recovery, and a number of states have held that the plaintiff must have received injuries entitling him to compensation, although no actual award of compensatory damages were made. A substantial number of jurisdictions recognize nominal damages as a proper predicate. See Annotation, 17 A.L.R.2d 527, actual damages as a necessary predicate of punitive damages.

The underlying consideration seems to be that there must be some actual loss supported by proof. We do not at this time and in this case feel any need to alter, erode or modify prior Tennessee case law. Here, actual damages were clearly demonstrated.

After a review of the above quoted authorities, it cannot be doubted that generally the rule quoted in *Corpus Juris Secundum*, supra, has been followed in this State.

However, there are certain classes of torts, notably libel and slander, where the common law rule permitted the recovery of compensatory damages without proof of particular injuries, there being a *presumption* that some injury results from the wrongful act.

The rule is stated at 53 C.J.S. Sec. 239, *Libel and Slander*, as follows:

As a general rule, in the absence of statute providing otherwise, if the defamatory charge is actionable per se plaintiff is entitled at least to nominal damages. Since in the absence of any evidence of damage the law presumes damage from the publication of words actionable per se, ...

At 50 *Am.Jur.*2d, Libel and Slander, Sec. 352, at 873, the rule is stated as follows:

... Where the defamation complained of is actionable per se, it is generally held that punitive damages may be awarded even though the amount of actual damages is neither found nor shown, for in such a case the requirement of showing of actual damages as the basis of an award of exemplary damages is satisfied by the presumption of injury which arises from a showing of libel or slander that is actionable per se ...

The Supreme Court of the United States though critical acknowledged the common law rule in *Gertz v. Welch*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974):

The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss. Under the traditional rules pertaining to actions for libel, the existence of injury is presumed from the fact of publication. Juries may award substantial sums as compensation for supposed damaged to reputation without any proof that such harm actually occurred ...

The plaintiff argues that this common law rule is alive and well in Tennessee where actual malice is shown and since the words spoken and written "sexually harassing" female employees is libel per se the trial court erred in setting aside the judgment for exemplary damages as damages are presumed.

The defendant argues that the rule of presumed damages is no longer viable in Tennessee as constitutional limitations require that the plaintiff prove actual damages.

In *Gertz v. Welch, supra,* the Supreme Court of the United States in considering the extent of a media publisher's constitutional privilege against liability for defamation of a private citizen reversed because the jury was permitted to presume damage and among other things held:

> ... For the reasons stated below, we hold that the States may not permit recovery of presumed or punitive damages, at least, when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth.
>
> \*     \*     \*     \*     \*     \*
>
> ... It is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth to compensation for actual injury ...

Though state courts have not been unanimous in their interpretation of the holding in *Gertz,* for example see *Newson v. Henry,* 443 So.2d 817 (Miss.1983) where the Supreme Court of Mississippi held that in an actionable per se situation damage would be presumed where actual malice was shown, our Supreme Court in the case of *Memphis Pub. Co. v. Nichols,* 569 S.W.2d 412 (Tenn.1978) in a case involving a private citizen plaintiff and a media defendant in discussing this rule of presumed damages said:

> Under the common law as applied in this state prior to the *Gertz* decision, defamations were classified as either actionable *per se* or *per quod.* The primary distinction between libel *per se* and libel *per quod* lay in the nineteenth-century development requiring special damages to be plead and proved in libel actions unless the defamatory meaning of the words was apparent on their face ... (Citations omitted.)
>
> Any libel which was defamatory on its face, i.e., the damage of injury to reputation was apparent from the mere words themselves, has been held to be actionable *per se.* In such cases actual injury

has been conclusively presumed by the court.

> Words which were defamatory only in the light of certain extrinsic facts were said to be libelous *per quod.* See *Fry v. McCord Bros., supra,* 95 Tenn. at 685, 33 S.W. 568. In the classic case of libel *per quod* the defendant's newspaper falsely published a report that the plaintiff had given birth to twins. Such publication was defamatory in light of the fact that the plaintiff had been married only one month. *Morrison v. Ritchie & Co.,* 39 Scot.L.Rep. 432 (1902).
>
> Since *Gertz* has held that presumed damages are no longer permissible, the *per se/per quod* distinction no longer has any practical meaning. "A uniform requirement for proof of actual damages obliterates these often illogical distinctions, most of them relics from centuries past." Eaton, *The American Law of Defamation Through Gertz v. Robert Welch and Beyond,* 61 Va.L.Rev. 1349, 1434 (1975). We hold, therefore, that the *per se/per quod* distinction is no longer a viable one. The plaintiff must plead and prove injury from the alleged defamatory words, whether their defamatory meaning be obvious or not.
>
> \*     \*     \*     \*     \*     \*

The Supreme Court further stated:

In libel actions the burden of proof rests upon the plaintiff to show defamation and prove damages ...

\*     \*     \*     \*     \*     \*

Under the common law not only was published defamatory matter "presumed" to be untrue but, in many cases, it was "presumed" that the plaintiff suffered damage, even though he proved none and though in fact none may have existed.

\*     \*     \*     \*     \*     \*

Now, however, as we have noted, supra, *Gertz* restricts damages to compensation for "actual injury," and unless "actual malice" is shown, punitive damages are not to be permitted and compensatory damages must be proved, not presumed.

In *Handley v. May*, 588 S.W.2d 772, a case involving two non media parties, this Court, Eastern Section, interpreting *Memphis Pub. Co. v. Nichols, supra,* on this point said:

> Our Supreme Court recently noted that the United States Supreme Court has eliminated, on constitutional grounds, presumed damages in defamation suits. The plaintiff is now required to prove actual damages in all defamation cases.

In *Sullivan v. Young*, 678 S.W.2d 906 (Tenn.App.1984) Judge Highers, speaking for this Court stated:

> ... The plaintiff must not only prove publication of a false statement to a third person, but he must also prove actual damages. (Citing Memphis Pub. Co. supra, and Handley, supra.)

Neither *Handley, supra* nor *Sullivan, supra* involved a public figure plaintiff nor a media defendant. *Handley* was a slander action between two private individuals. *Sullivan* was a malicious prosecution, false arrest, libel and slander action between two private individuals. This Court ruled in both cases that actual damages are not presumed but must be proved.

The doctrine of presumed damages in libel and slander cases is no longer applicable in Tennessee.

The plaintiff attached to his Complaint a copy of a newspaper article which appeared in the *Memphis Commercial Appeal* on March 10, 1983. The trial court granted defendant's Motion in Limine to exclude all comments in the article except the comments pertinent to the issues in the case at bar.

Admissibility of evidence of this nature rests within the sound discretion of the trial judge who will be reversed only for abuse of that discretion. *Strickland v. City of Lawrenceburg,* 611 S.W.2d 832 (Tenn.App.1980). Most of the statements contained in the article have no bearing on the issues involved in the case at bar and are immaterial, irrelevant and prejudicial. The prejudice to the defendant outweighed the probative value of the testimony. Even relevant evidence should not be admitted if its prejudicial effect outweighs its probative value. *State v. Banks,* 564 S.W.2d 947 (Tenn.1978). The rule applies in both civil and criminal cases.

The plaintiff contends that the trial court erred in refusing to give his special charge on negligent defamation. This contention is without merit for two reasons (1) the general charge given by the trial court adequately covers the subject matter, and (2) if error, it would be harmless as the jury found the defamatory remark was made with malice, that it was made either knowing it was not true or with total disregard or reckless disregard for whether it was true or not.

The judgment of the trial court is affirmed.

Costs incident to this appeal are taxed against appellant for which let execution issue, if necessary.

HIGHERS and FARMER, JJ., concur.